**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Pragmatus Telecom, LLC, §<br>§<br>    Plaintiff, §<br>§<br>    v. §<br>§<br>The Neiman-Marcus Group, Inc. d/b/a Neiman §<br>Marcus, Cheaper Than Dirt, Inc., Team §<br>Express Distributing, LLC d/b/a Team §<br>Express, 1-800-Flowers.com, Inc., Newsom §<br>Designs, LLC d/b/a Wisteria, Kmart §<br>Corporation, Marriott International, Inc., ICON §<br>Health & Fitness, Inc. d/b/a NordicTrack, Inc., §<br>PETCO Animal Supplies, Inc., Capital One §<br>Financial Corporation d/b/a Capital One Auto §<br>Finance and Bank of America Corporation §<br>d/b/a Bank of America Home Loans, §<br>§<br>    Defendants. § | Civil Action No.  6:11-cv-620<br><br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT

Pragmatus Telecom, LLC ("Pragmatus"), by and through its attorneys, for its Original

Complaint against Defendants The Neiman-Marcus Group, Inc. d/b/a Neiman Marcus, Cheaper

Than Dirt, Inc., Team Express Distributing, LLC d/b/a Team Express, 1-800-Flowers.com, Inc.,

Newsom Designs, LLC d/b/a Wisteria, Kmart Corporation, Marriott International, Inc., ICON

Health & Fitness, Inc. d/b/a NordicTrack, Inc., PETCO Animal Supply, Capital One Financial

Corporation d/b/a Capital One Auto Finance and Bank of America Corporation d/b/a Bank of

America Home Loans (collectively, "Defendants"), hereby alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is a patent infringement action to end Defendants' unauthorized and

infringing manufacture, use, sale, offering for sale, and/or importation of methods and products

incorporating Plaintiff Pragmatus's patented inventions.

2.      Pragmatus is owner of all right, title, and interest in and to:  United States Patent No. 6,311,231 (the "'231 Patent"), issued on October 30, 2001, for "Method and System for Coordinating Data and Voice Communications via Customer Contact Channel Changing System Using Voice Over IP"; United States Patent No. 6,668,286 (the "'286 Patent"), issued December 23, 2003, for "Method and System for Coordinating Data and Voice Communications via Customer Contract Channel Changing System Using Voice Over IP"; and United States Patent No. 7,159,043 (the "'043 Patent"), issued January 2, 2007, for "Method and System for Coordinating Data and Voice Communications via Customer Contract Channel Changing System" (collectively, the "Patents").  True and correct copies of the Patents are attached hereto as Exhibits 1–3.

3.      Each of the Defendants uses infringing products and provides infringing services in violation of the Patents.  Plaintiff Pragmatus seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's patent rights.  Plaintiff Pragmatus further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patents.

4.      This is an exceptional case, and Pragmatus is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II.     THE PARTIES

5.      Plaintiff Pragmatus is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 601 North King Street, Alexandria, VA 22314.

6.      Upon information and belief, Defendant The Neiman-Marcus Group, Inc. d/b/a Neiman Marcus is a Delaware corporation with its principal place of business located at 1201

Elm Street Suite 2900, Dallas, TX 75270.  Upon information and belief, The Neiman-Marcus Group, Inc. is authorized to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201 as its agent for service of process.  Hereinafter The Neiman-Marcus Group, Inc. will be referred to as "Neiman Marcus."

7.     Upon information and belief, Defendant Cheaper Than Dirt is a Texas corporation with its principal place of business located at 2524 N.E. Loop 820, Fort Worth, TX 76106.  Upon information and belief, Cheaper Than Dirt is authorized to do business in Texas and has appointed Michael Tenny, 2520 N.E. Loop 820, Fort Worth, TX 76106 as its agent for service of process.  Hereinafter Cheaper Than Dirt will be referred to as "Cheaper Than Dirt."

8.     Upon information and belief, Defendant Team Express Distributing, LLC d/b/a Team Express is a Delaware corporation with its principal place of business located at 1051 E. Nakoma, San Antonio, TX 78216.  Upon information and belief, Team Express Distributing, LLC is authorized to do business in Texas and has appointed C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201 as its agent for service of process.  Hereinafter Team Express Distributing, LLC will be referred to as "Team Express."

9.     Upon information and belief, Defendant 1-800-Flowers.com, Inc. is a Delaware corporation with its principal place of business located at 1 Old Country Rd., Ste. 500, Carle Place, NY 11514.  Upon information and belief, 1-800-Flowers.com, Inc. is authorized to do business in Texas and has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  Hereinafter 1-800-Flowers.com, Inc. will be referred to as "1-800-Flowers."

10.     Upon in information and belief, Defendant Newsom Designs, LLC d/b/a Wisteria

ORIGINAL COMPLAINT

3

is a Texas corporation with its principal place of business located at 13780 Benchmark Drive, Farmers Branch, TX 75209. Upon information and belief, Newsom Designs, LLC is authorized to do business in Texas and has appointed Andrew Newsom, Wisteria, 2055 Luna Road, Suite 182, Carrollton, TX 75006 as its agent for service of process. Hereinafter Newsom Designs, LLC will be referred to as "Wisteria."

11.     Upon information and belief, Defendant Kmart Corporation is an Illinois corporation with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL 60179. Upon information and belief, Kmart Corporation is authorized to do business in Texas and has appointed C T Corporation System, 208 South Lasalle St., Suite 814, Chicago, IL 60604 as its agent for service of process. Hereinafter Kmart Corporation will be referred to as "Kmart."

12.     Upon information and belief, Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business located at 10400 Fernwood Rd., Bethesda, MD 20817. Upon information and belief, Marriott International, Inc. is authorized to do business in Texas and has appointed CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, MD 21202 as its agent for service of process. Hereinafter Marriott International, Inc. will be referred to as "Marriott."

13.     Upon information and belief, Defendant ICON Health & Fitness, Inc. d/b/a NordicTrack, Inc. is a Utah corporation with its principal place of business located at 1500 S 1000 W. Logan, UT 84321. Upon information and belief, ICON Health & Fitness, Inc. d/b/a NordicTrack, Inc. is authorized to do business in Texas and has appointed C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 7520 as its agent for service of process. Hereinafter ICON Health & Fitness, Inc. d/b/a NordicTrack, Inc. will be referred to as

"NordicTrack."

14.     Upon information and belief, Defendant PETCO Animal Supplies, Inc. is a Delaware corporation with its principal place of business located at 9125 Rehco Road, San Diego, CA 92121.  Upon information and belief, PETCO Animal Supplies, Inc. is authorized to do business in Texas and has appointed Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Hereinafter PETCO Animal Supplies, Inc. will be referred to as "PETCO."

15.     Upon information and belief, Defendant Capital One Financial Corporation d/b/a Capital One Auto Finance is a Delaware corporation with its principal place of business located at 3905 Dallas Parkway, Plano, TX 75093.  Upon information and belief, Capital One Financial Corporation is authorized to do business in Texas and has appointed Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process. Hereinafter Capital One Auto Finance will be referred to as "Capital One."

16.     Upon information and belief, Defendant Bank of America Corporation d/b/a Bank of America Home Loans, is a Delaware corporation with its principal place of business located at 401 North Tryon Street, NC1-021-02-20 Charlotte, NC 28255.  Bank of America Home Loans is the mortgage unit of Bank of America Corporation and is headquartered in Plano, Texas.  Upon information and belief, Bank of America Corporation is authorized to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201 as its agent for service of process.  Hereinafter Bank of America Corporation d/b/a Bank of America Home Loans will be referred to as "BOAHL."

### III.   JURISDICTION AND VENUE

17.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

18.     This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

### IV.   PLAINTIFF'S PATENTS

19.     The Patents relate to automated call distribution centers.   In accordance with aspects of the patents, one or more servers provides network service to a customer, including a remote help option selectable by the customer (e.g., "click to chat").   Upon selection of the remote help option, a help request is sent to a call center identifying a way in which the customer can be reached.   The customer can then be contacted and the help request handled correctly and efficiently.

20.     Pragmatus owns all substantial rights in and to the Patents, including all rights to recover for all past and future infringements thereof.

### VI.   DEFENDANTS' ACTS

**<u>Neiman Marcus</u>**

21.     Neiman Marcus makes, provides, uses, and/or distributes infringing systems.   The infringing systems include, for example, LivePerson software as implemented, and related products.   With knowledge of the Patents, Neiman Marcus provides related services and instructions for the infringing operation of such systems to its customers.

22.     Through its actions, Neiman Marcus has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

23.     Pragmatus has been and will continue to suffer damages as a result of Defendant Neiman Marcus's infringing acts unless and until enjoined.

**Cheaper than Dirt**

24.     Cheaper Than Dirt makes, provides, uses, and/or distributes infringing systems. The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, Cheaper than Dirt provides related services and instructions for the infringing operation of such systems to its customers.

25.     Through its actions, Cheaper than Dirt has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

26.     Pragmatus has been and will continue to suffer damages as a result of Defendant Cheaper than Dirt's infringing acts unless and until enjoined.

**Team Express**

27.     Team Express makes, provides, uses, and/or distributes infringing systems.  The infringing systems include, for example, LivePerson software as implemented, and related products.   With knowledge of the Patents, Team Express provides related services and instructions for the infringing operation of such systems to its customers.

28.     Through its actions, Team Express has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the

United States.

29. Pragmatus has been and will continue to suffer damages as a result of Defendant Team Express's infringing acts unless and until enjoined.

### 1-800 Flowers

30. 1-800 Flowers makes, provides, uses, and/or distributes infringing systems. The infringing systems include, for example, LivePerson software as implemented, and related products. With knowledge of the Patents, 1-800 Flowers provides related services and instructions for the infringing operation of such systems to its customers.

31. Through its actions, 1-800 Flowers has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

32. Pragmatus has been and will continue to suffer damages as a result of Defendant 1-800 Flowers's infringing acts unless and until enjoined.

### Wisteria

33. Wisteria makes, provides, uses, and/or distributes infringing systems. The infringing systems include, for example, LivePerson software as implemented, and related products. With knowledge of the Patents, Wisteria provides related services and instructions for the infringing operation of such systems to its customers.

34. Through its actions, Wisteria has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

35. Pragmatus has been and will continue to suffer damages as a result of Defendant

Wisteria's infringing acts unless and until enjoined.

### **Kmart**

36.     Kmart makes, provides, uses, and/or distributes infringing systems.   The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, Kmart provides related services and instructions for the infringing operation of such systems to its customers.

37.     Through its actions, Kmart has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

38.     Pragmatus has been and will continue to suffer damages as a result of Defendant Kmart's infringing acts unless and until enjoined.

### **Marriott**

39.     Marriott makes, provides, uses, and/or distributes infringing systems.   The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, Marriott provides related services and instructions for the infringing operation of such systems to its customers.

40.     Through its actions, Marriott has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

41.     Pragmatus has been and will continue to suffer damages as a result of Defendant Marriott's infringing acts unless and until enjoined.

**NordicTrack**

42.     NordicTrack makes, provides, uses, and/or distributes infringing systems.  The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, NordicTrack provides related services and instructions for the infringing operation of such systems to its customers.

43.     Through its actions, NordicTrack has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

44.     Pragmatus has been and will continue to suffer damages as a result of Defendant NordicTrack's infringing acts unless and until enjoined.

**PETCO**

45.     PETCO makes, provides, uses, and/or distributes infringing systems.  The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, PETCO provides related services and instructions for the infringing operation of such systems to its customers.

46.     Through its actions, PETCO has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

47.     Pragmatus has been and will continue to suffer damages as a result of Defendant PETCO's infringing acts unless and until enjoined.

**Capital One**

48.     Capital One makes, provides, uses, and/or distributes infringing systems.  The

infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, Capital One provides related services and instructions for the infringing operation of such systems to its customers.

49.      Through its actions, Capital One has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

50.      Pragmatus has been and will continue to suffer damages as a result of Defendant Capital One's infringing acts unless and until enjoined.

### Bank of America Home Loans

51.      BOAHL makes, provides, uses, and/or distributes infringing systems.   The infringing systems include, for example, LivePerson software as implemented, and related products.  With knowledge of the Patents, BOAHL provides related services and instructions for the infringing operation of such systems to its customers.

52.      Through its actions, BOAHL has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

53.      Pragmatus has been and will continue to suffer damages as a result of Defendant BOAHL's infringing acts unless and until enjoined.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 6,311,231

54.      Plaintiff Pragmatus realleges and incorporates herein paragraphs 1–53.

55.      Defendants have infringed the '231 Patent.

56.     Defendants have indirectly infringed the '231 Patent by inducing the infringement of the '231 Patent and contributing to the infringement of the '231 Patent.

57.     Upon information and belief, Defendants have jointly infringed the '231 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

58.     Defendants' aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  6,668,286

59.     Plaintiff Pragmatus realleges and incorporates herein paragraphs 1–53.

60.     Defendants have infringed the '286 Patent.

61.     Defendants have indirectly infringed the '286 Patent by inducing the infringement of the '286 Patent and contributing to the infringement of the '286 Patent.

62.     Upon information and belief, Defendants have jointly infringed the '286 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

63.     Defendants' aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO.  7,159,043

64.     Plaintiff Pragmatus realleges and incorporates herein paragraphs 1–53.

65.     Defendants have infringed the '043 Patent.

66.     Defendants have indirectly infringed the '043 Patent by inducing the infringement of the '043 Patent and contributing to the infringement of the '043 Patent.

67.     Upon information and belief, Defendants have jointly infringed the '043 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

68.     Defendants' aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## VII.    JURY DEMAND

31.     Plaintiff Pragmatus hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pragmatus respectfully requests that the Court:

A.     Permanently enjoin each Defendant, its agents, servants, and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents;

B.     Award Plaintiff Pragmatus past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C.     Declare this case exceptional pursuant to 35 U.S.C. §285; and

D.     Award Plaintiff Pragmatus its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

ORIGINAL COMPLAINT

Respectfully submitted,

Dated:  November 15, 2011                    By: /s/ Andrew G. DiNovo
                                                  Andrew G.  DiNovo
                                                  Texas State Bar No. 00790594
                                                  Adam G. Price
                                                  Texas State Bar No. 24027750
                                                  Chester J. Shiu
                                                  Texas State Bar No. 24071126
                                                  **DiNovo Price Ellwanger & Hardy LLP**
                                                  7000 N.  MoPac Expressway, Suite 350
                                                  Austin, Texas  78731
                                                  Telephone:  (512) 539-2626
                                                  Telecopier:  (512) 539-2627